*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 11b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: CLASSICSTAR, LLC,<br><br>                Debtor.<br>_____<br><br>JAMES D. LYON,<br>Chapter 7 Trustee,<br><br>                Appellant,<br><br>       v.<br><br>A.G. "SANDY" RAPPAPORT,<br><br>                Appellee. | No. 10-8059 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 07-51786; Adv. No. 09-5177

Decided and Filed: February 24, 2011

Before: FULTON, HARRIS, and RHODES, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Alisa E. Moen, BLANK ROME LLP, Philadelphia, Pennsylvania, for Appellant. Gregory R. Schaaf, GREENEBAUM DOLL & McDONALD PLLC, Lexington, Kentucky, for Appellee.

## OPINION

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. James D. Lyon, Chapter 7 Trustee for the debtor, appeals an order of the bankruptcy court dismissing an adversary proceeding with prejudice pursuant to Federal Rules of Civil Procedure 8, 12(b)(7), and 19. For the reasons that follow, we (1) AFFIRM dismissal to the extent it is based on a claim of actual fraud under 11 U.S.C. § 548(a)(1)(A); (2) REVERSE dismissal to the extent it is based on Rule 19 and Rule 12(b)(7); and (3) REMAND for proceedings consistent with this opinion.

### I. ISSUES ON APPEAL

The issues presented by the parties to this appeal are: (1) whether the bankruptcy court erred in finding the trustee failed to plead actual fraud under § 548(a)(1)(A) with sufficient particularity to satisfy Rule 8(a) and whether the court erred in denying the trustee leave to amend the complaint a second time under Rule 15(a), (2) whether the bankruptcy court erred in finding there were potentially necessary parties that were not named in the trustee's complaint which warranted dismissal with prejudice under Rule 19 and Rule 12(b)(7), and (3) whether the bankruptcy court erred in denying the trustee's motion for reconsideration of its order under Rule 60(b).

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

Conclusions of law are reviewed *de novo*. *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 241 (6th Cir. 2009); *Elm Rd. Dev. Co. v. Buckeye Ret. Co. (In re Hake)*, 419 B.R. 328, 331 (B.A.P. 6th Cir. 2009). "Under a *de novo* standard of review, the reviewing court decides an issue independently

of, and without deference to, the trial court's determination." *Palmer v. Wash. Mut. Bank (In re Ritchie)*, 416 B.R. 638, 641 (B.A.P. 6th Cir. 2009) (emphasis in original) (*quoting Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., LLC (In re Brice Rd. Devs., LLC)*, 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008)).

Factual findings underlying the bankruptcy court's ruling are reviewed for clear error. *In re Mitan*, 573 F.3d at 241. "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007) (*quoting Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)).

### III. FACTS

On September 14, 2007, ClassicStar, LLC (the "debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. On April 14, 2008, the case was converted to chapter 7, and James Lyon was appointed interim trustee. Pursuant to 11 U.S.C. § 546, the last day to file § 548 actions was September 14, 2009. The trustee filed numerous adversary proceedings on the eve of the expiration of the statute of limitations. On September 10, 2009, pursuant to §§ 548 and 550, the trustee filed an adversary proceeding against "Taylor & Rappaport." The claim was based on three entries in the debtor's ledger in which payments were made to third parties on Taylor & Rappaport's behalf. The ledger listed the following: on November 3, 2005, the debtor made two payments to Key Bank, totaling over $2 million, and on November 30, 2005, the debtor made a $2 million payment to "Payment from Investment A." (Adv. Proc. Docket #1, Ex. A). On October 27, 2009, Sandy A.G. Rappaport ("Rappaport") filed an answer to the original complaint. (Adv. Proc. Docket #7). On November 20, 2009, Rappaport filed a motion to dismiss the complaint for failure to plead actual fraud and constructive fraud with particularity. (Adv. Proc. Docket #9). On February 24, 2010, the bankruptcy court overruled the motion to dismiss, found constructive fraud was pled with particularity but actual fraud was not, and gave the trustee 30 days to amend the complaint to plead actual fraud under § 548(a)(1)(A). (Adv. Proc. Docket #18).

On March 26, 2010, the trustee filed an amended complaint. (Adv. Proc. Docket #19). The amended complaint failed to cite § 548(a)(1)(A) or make any allegation of actual fraud. (*Id.*). On

April 13, 2010, Rappaport filed a motion to dismiss the amended complaint on the grounds that the trustee had not sought leave to file an amended complaint pursuant to Rule 15(a)(2), that the amended complaint still failed to plead actual fraud, and that a party in interest, Taylor & Rappaport, was not joined as required by Rule 19. (Adv. Proc. Docket #20). On April 20, 2010, the trustee filed exhibits to the amended complaint. (Adv. Proc. Docket #21). The exhibits to the first amended complaint were filed late. (*Id.*). The exhibits are designated in the record of appeal and include: Exhibit A, Mare Lease and Breeding Agreement;[1] Exhibit B, Rappaport Discovery Responses; and Exhibit C, Listing of Checks totaling $4,050,000.00. (Adv. Proc. Docket #47). In his discovery responses, Rappaport admitted that: "Key Bank received payments from the Debtor made on [Rappaport's] behalf." (Adv. Proc. Docket #21, Ex. B at 4, ¶ 5). Rappaport also stated that he was "not a party to a joint venture, partnership or any other business formation with 'Taylor' " and that ClassicStar did not "fully perform as required by the mare lease." (*Id.* at 7, ¶ 17). According to Rappaport:

> In November 2003, ClassicStar made payments to Key Bank on behalf of Rappaport in the amount of $2,033,972.22. The payments were made in lieu of providing mare lease services as required by the mare lease agreement with Rappaport. ClassicStar received a dollar-for-dollar reduction in the antecedent debt owed to Rappaport for each dollar paid to Key Bank on Rappaport's behalf.

(*Id.*).

On May 10, 2010, the bankruptcy court heard argument on Rappaport's motion to dismiss. In the hearing transcript, Rappaport's counsel stated:

> as far as having the right parties in the pleading . . . [t]he amended complaint does put Mr. Rappaport into the caption. What it doesn't do, though, is it doesn't fix Exhibit A. Exhibit A is where it says the entity, Taylor & Rappaport, whatever that is. Mr. Rappaport is not involved in an entity called Taylor & Rappaport. Mr. Rappaport is not involved with Taylor. I think Taylor should have been Taylor Investment Partners. They filed Claim 113 in this case.

---

[1] According to counsel for the trustee, the debtor was engaged in a mare leasing program, in which the debtor would sell lease rights to thoroughbred mares during their breeding seasons and investors would have the right to any resulting offspring. (Adv. Proc. Docket #35 at 7-8). Rappaport and the debtor entered into such a lease agreement. (Adv. Proc. Docket #21, Ex. A).

(Adv. Proc. Docket #35 at 4, lines 4-13). Rappaport's counsel also noted that the payment to Key Bank on behalf of Rappaport was for about half of the amount listed in the debtor's ledger, and that maybe "two payments were made to Key Bank to benefit two different parties, but that's speculation." (*Id.*, lines 14-20).

The court asked trustee's counsel to explain Exhibit A to the amended complaint, which still listed Taylor & Rappaport as the payee. Trustee's counsel responded it was "apparently a misnomer, and the allegation is now made against Mr. Rappaport." (*Id.* at 10-11). When asked about the necessity of bringing claims against other parties, such as Key Bank, trustee's counsel responded:

> the fraudulent conveyance statute in Section 550(a) allows you to bring a complaint against any immediate or [mediate] transferees. And, you know, it also allows you to bring the action against any party who benefits from the transfer. And, certainly, he [Mr. Rappaport] benefitted from this because he got his debt reduced by $2 -- well $4 million dollars.

(*Id.* at 11, lines 5-12). Rappaport's counsel responded that "Mr. Rappaport is not a transferee. He doesn't fit the definition of a transferee. That's somebody who has control over the -- over the transfer, and that was Key Bank. There is nothing in § 548 that allows you to sue the beneficiary." (*Id.* at 12, lines 19-23).

On May 14, 2010, the bankruptcy court entered an order granting Rappaport's motion to dismiss and dismissed the case with prejudice. (Adv. Proc. Docket #30). On May 18, 2010, the trustee filed a motion to vacate the court's order and grant the trustee leave to amend the complaint a second time. (Adv. Proc. Docket #34). The trustee argued that under Bankruptcy Rule 9024, the bankruptcy court may have overlooked facts that reasonably would have altered its decision including the fact that: "Mr. Rappaport admitted that the Transfer, as outlined in Exhibit A of the Amended Complaint, was made, at least with respect to $2,033,972.22, for his benefit to pay off Mr. Rappaport's Loan to Key Bank in November 2005." (*Id.* at 2, ¶5). The trustee's motion to reconsider also noted that "Federal Rule of Civil Procedure 19 only requires joinder of parties that are indispensable or necessary to an action" and that the "Sixth Circuit employs a three-step process to determine whether an action should be dismissed for failure to join an indispensable party." (*Id.* ¶7). On June 8, 2010, Rappaport filed an objection. (Adv. Proc. Docket #36). Rappaport's objection consisted of three main arguments: that Rule 60(b) did not support the motion to

reconsider, that indispensable parties were not named, and that denial of leave was justified because the amended complaint could not survive a motion to dismiss. (*Id.* at 3-15). On July 16, 2010, the bankruptcy court heard argument on the trustee's motion to reconsider. On August 6, 2010, the bankruptcy court overruled the trustee's motion, "finding the reasoning asserted in Rappaport's Response and Objection (Doc 36) compelling." (Adv. Proc. Docket #40). On August 17, 2010, the trustee timely filed a notice of appeal seeking reversal of the bankruptcy court's May 14 and August 6 orders. (Adv. Proc. Docket #42); Fed. R. Bankr. P. 8002(b)(1).

## IV. DISCUSSION

### A. The Trustee Failed to State a Claim under § 548(a)(1)(A)

The court did not err when it held that the first amended complaint failed to state a claim for actual fraud under § 548(a)(1)(A) and declined to give the trustee a third attempt to state a claim for actual fraud through further amendment.

#### *1. First Amended Complaint Fails to State a Claim for Actual Fraud*

Section 548(a)(1) of Title 11 has two subparts: subpart (A), which requires proof of actual fraud and subpart (B), which requires proof of constructive fraud. Under § 548(a)(1)(A), the trustee may avoid any transfer if the debtor made "such transfer or incurred such obligation with actual intent to hinder, delay, or defraud" a creditor. Under § 548(a)(1)(B), the trustee may avoid a transfer if the debtor "received less than reasonably equivalent value in exchange for such transfer or obligation" and was insolvent at the time of transfer. In the original complaint, the trustee pled fraud under § 548(a), but only addressed the elements required by § 548(a)(1)(B), alleging the debtor received less than reasonably equivalent value and that the debtor was insolvent at the time of transfer. After expressly noting this deficiency, the bankruptcy court gave the trustee 30 days to amend the complaint to plead actual fraud. Nevertheless, the amended complaint once again failed to plead any of the elements of § 548(a)(1)(A) and did not even make a bare-bones allegation that the debtor made the transfer with the intent to hinder, delay, or defraud a creditor.

Pleading standards in bankruptcy adversary proceedings are governed by Rule 8. Fed. R. Bankr. P. 7008 (incorporating Fed. R. Civ. P. 8). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order

to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Supreme Court has stated that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). The Supreme Court has also noted that:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950 (citations omitted). Under the new pleading standards set forth in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP (In re NM Holdings Co.)*, 622 F.3d 613, 623 (6th Cir. 2010) (*citing Iqbal*, 129 S. Ct. at 1949). *See also Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

Because the amended complaint did not even allege a "mere formulaic recitation" of the elements of a § 548(a)(1)(A) claim, we affirm the bankruptcy court's dismissal with prejudice to the extent the amended complaint failed to plead actual fraud.

### 2. *The Court Did Not Err in Denying the Trustee Leave to Amend*

We hold the court did not abuse its discretion when it denied the trustee leave to file a second amended complaint to the extent this denial was based on the trustee's failure to plead actual fraud in the first amended complaint. The court "should freely give leave to amend when justice so requires." Fed. R. Bankr. P. 7015 (incorporating Fed. R. Civ. P. 15(a)(2)). "Denial may be appropriate, however, where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (*quoting Foman v. Davis*, 371 U.S. 178,

182, 83 S. Ct. 227 (1962)). *See also EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) ("where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (quotation omitted). Generally, a denial of a motion for leave to amend a complaint is reviewed using an abuse of discretion standard. *Kottmyer v. Maas*, 436 F.3d 684, 691-92 (6th Cir. 2006); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

As the Sixth Circuit noted in another case involving an attempt to cure deficiencies by amendment, "The relevant issues in our inquiry are (1) whether [the party seeking amendment] had sufficient notice that his amended complaint was deficient, and (2) if so, whether [he] had an adequate opportunity to cure the deficiencies." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). Here, the trustee had both sufficient notice of the deficiency and an opportunity to cure. After identifying the deficiency with the original complaint, the court gave the trustee 30 days to file an amended complaint to assert a claim for actual fraud under § 548(a)(1)(A). On March 26, 2010, the 30th day after the court's order granting leave to amend, the trustee filed an amended complaint that failed to comply with the court's order. The trustee also failed to file the exhibits to the first amended complaint until April 20, 2010. The trustee has not given a satisfactory explanation why he could not have alleged the elements for an actual fraud claim in the first amended complaint after the deficiency was specifically brought to his attention by the court as well as by the defendant's November 20, 2009 motion to dismiss the original complaint. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (court did not abuse its discretion in denying motion to amend after court previously gave plaintiff opportunity to cure deficiency and plaintiff declined to do so). Therefore, the court did not abuse its discretion when it declined to give the trustee a third attempt to state a claim for actual fraud through further amendment. Such a dismissal is properly on the merits. *See* Fed. R. Bankr. P. 7041 (incorporating Fed. R. Civ. P. 41(b), which states "any dismissal not under this rule . . . operates as an adjudication on the merits").

**B.    The Bankruptcy Court Erred in its Rule 19 Analysis**

In its May 14, 2010, order the bankruptcy court failed to go through the three-step Rule 19 analysis adopted by the Sixth Circuit. For the reasons that follow, we reverse the bankruptcy court's

dismissal of the complaint with prejudice pursuant to Rule 19 and Rule 12(b)(7) and remand for proceedings consistent with this opinion.

The Sixth Circuit has established a three-step analysis for determining whether a case should proceed in the absence of a particular party. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001); *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). A court must first determine "whether a person is necessary to the action and should be joined if possible." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999). *See* Fed. R. Bankr. P. 7019 (incorporating Fed. R. Civ. P. 19). "If the party is deemed necessary for the reasons enumerated in Rule 19(a), the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *PaineWebber*, 276 F.3d at 200 (*citing Keweenaw*, 11 F.3d at 1345-46; Fed. R. Civ. P. 19(a)). "The third step involves an analysis under Rule 19(b) to determine whether in equity and good conscience the action should proceed among the parties before [the court], or should be dismissed, the absent party [being] thus regarded as indispensable." *Id.* (internal quotations omitted). "Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction. If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants." *Id.* at 200-01 (internal citations omitted).

When an indispensable party is not joined, the appropriate action is to dismiss the case without prejudice. *See* Fed. R. Bankr. P. 7041 (incorporating Fed. R. Civ. P. 41(b), which states "any dismissal not under this rule–*except one for* lack of jurisdiction, improper venue, or *failure to join a party under Rule 19*–operates as an adjudication on the merits") (emphasis added); *Dredge Corp. v. Penny*, 338 F.2d 456, 464 (9th Cir. 1964) (dismissal for failure to join an indispensable party should rarely if ever result in dismissal of the action with prejudice); 9 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2373 at 752-54 (3d. ed. 2008) ( Rule 41's "basic principle quite appropriately explicitly does not apply to a dismissal for lack of various forms of jurisdiction, for improper venue, or for failure to join a party under Federal Rule 19"). *See also Costello v. United States*, 365 U.S. 265, 285-86, 81 S. Ct. 534, 544-45 (1961) (Rule 41(b) is not intended to change the common law principle that "dismissal on a ground not going to the merits" does not bar "a subsequent action on the same claim").

On appeal, Rule 19(a) determinations are reviewed using an abuse of discretion standard, and Rule 19(b) determinations are reviewed using a *de novo* standard. *PaineWebber*, 276 F.3d at 200. The bankruptcy court dismissed the trustee's amended complaint on Rule 19 and Rule 12(b)(7) grounds because "the Amended Complaint fail[ed] to name indispensable parties" and did "not identify potentially necessary parties to the alleged transfers." Because the bankruptcy court did not go through a proper Rule 19 analysis, this opinion will assume the bankruptcy court found "Taylor & Rappaport" was a necessary party.

### *1. "Taylor & Rappaport" Was Not a Necessary Party*

We must review the bankruptcy court's finding of fact that "Taylor & Rappaport" was a necessary party under an abuse of discretion standard. The Sixth Circuit has noted that under an abuse of discretion standard, the reviewing court must affirm a court's Rule 19(a) analysis unless it is "left with a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* at 201 (*quoting Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998)). Even under an abuse of discretion standard, we find the bankruptcy court erred in finding "Taylor & Rappaport" was a necessary party.[2]

In reviewing the May 14, 2010 order, this Panel may consider both the exhibits, including Rappaport's discovery responses, and the May 10, 2010 hearing transcript because both were designated in the record of appeal. The bankruptcy court also considered the May 10 hearing in making its decision. This consideration was proper since a trial court may consider materials outside the pleadings in ruling on a motion to dismiss under Rule 12(b)(7). Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 12(b)(7)). *See Dumann Realty, LLC v. Faust*, 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010) ("when reviewing a motion to dismiss under Rule 12(b)(7), the court may consider documents and facts outside the pleadings"); *Three Affiliated Tribes of the Fort Berthold Indian Reservation v. United States*, 637 F. Supp. 2d 25, 29 (D.D.C. 2009) (same); 5C Wright, *et al.*, *supra*, § 1359 at 68 (in a Rule 12(b)(7) consideration, "[t]he district judge is not limited to the pleadings").

---

[2] Although Rappaport argues on appeal that Key Bank is also an indispensable party, the bankruptcy court did not rely on the failure to join Key Bank in its analysis under Rule 19. To the extent that Key Bank is a "necessary" party under Rule 19(a), the bankruptcy court's analysis would still fail under step two of the Sixth Circuit's three-part test because there is no explanation why Key Bank could not be joined as a party.

Rule 19 provides in pertinent part:

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Bankr. P. 7019 (incorporating Fed. R. Civ. P. 19).

We hold the bankruptcy court abused its discretion in finding Taylor & Rappaport was a necessary party. "Taylor & Rappaport" is not a necessary party because it does not fall within the definition of a necessary party as articulated by subparts (A) and (B) of Rule 19(a)(1). Complete relief can be accorded among the parties–the trustee and Rappaport–without joining any other "potentially necessary party," including Taylor & Rappaport. Fed. R. Civ. P. 19(a)(1)(A). Rappaport admitted in his discovery responses that the debtor made payments to Key Bank on his behalf and that the debtor received a "dollar-for-dollar reduction in the antecedent debt owed to Rappaport for each dollar paid to Key Bank on Rappaport's behalf." Rappaport also admitted that he was "not a party to a joint venture, partnership or any other business formation with 'Taylor.' " There is no joint or several liability between "Taylor" of Taylor & Rappaport and Sandy A.G. Rappaport because, by Rappaport's own admission, he was not affiliated with an individual or entity named Taylor. Since Rappaport can be found liable on his own under § 548(a)(1)(B), there is no reason why Rappaport's liability cannot be limited to the portion of money or benefit that he alone received. There is also no indication that Taylor & Rappaport or Taylor Investment Partners has any interest that will be affected by the litigation or that an adjudication solely between the trustee and Rappaport will leave either existing party subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R.

Civ. P. 19(a)(1)(B); 5C Wright, *et al.*, *supra*, § 1359 at 65 ("a Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action").

### *2. If a Necessary Party, Taylor & Rappaport Should Have Been Joined*

Even if Taylor & Rappaport is a "necessary" party, the proper remedy should be to order that it be joined. *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."). The court erred in failing to go through the second step in the Sixth Circuit's three-step analysis under Rule 19. The bankruptcy court provided no explanation why Taylor & Rappaport could not be joined. *See Bakia v. County of Los Angeles*, 687 F.2d 299, 301-02 (9th Cir. 1982) ("a trial court's resolution of a Rule 19 issue requires a comprehensive statement of the facts and reasons upon which the decision is based"; "The trial court had important issues to resolve under Rule 19(a) before making a determination on the factors listed in 19(b)."); 7 Wright, *et al.*, *supra*, § 1604 at 68 ("If the court does exercise its discretion to dismiss the suit . . . it must be careful to provide a full record of why it so ruled so that the decision can be adequately reviewed by the appellate court.").

Under the second step of the Sixth Circuit's Rule 19 analysis, if a party is deemed "necessary" under Rule 19(a), "the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *PaineWebber*, 276 F.3d at 200. Because the bankruptcy court had personal jurisdiction over potentially necessary parties and could have joined them without eliminating subject matter jurisdiction under 28 U.S.C. § 1334, it should have ordered joinder instead of dismissing the complaint with prejudice. *See Shiloh Indus., Inc. v. Rouge Indus., Inc. (In re Rouge Indus., Inc.)*, 326 B.R. 55 (Bankr. D. Del. 2005).

Here, there is no indication why the bankruptcy court would not have personal jurisdiction over Taylor & Rappaport or Taylor Investment Partners. Bankruptcy Rule 7004(d) provides for nationwide service of process, and the standard to determine if personal jurisdiction exists is the national contacts analysis. *See United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320 (6th Cir. 1993) (concluding that the federal statute providing for nationwide service of process requires a determination only that a party has contacts with the United States, not a particular state, for personal

jurisdiction); *accord Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 566-68 (6th Cir. 2001) (same). Taylor Investment Partners filed a proof of claim in the bankruptcy case. (Bankruptcy Case No. 07-51786, Claim 113-2). The claim is sufficient to establish contacts with the United States because Taylor Investment Partners availed itself of the U.S. bankruptcy court and listed a Kentucky address where notices should be sent.

Furthermore, unlike the more typical scenario where joining a necessary party might defeat diversity jurisdiction under 28 U.S.C. § 1332, in the present case the court's subject matter jurisdiction to hear avoidance actions by the trustee arising under the Bankruptcy Code pursuant to 28 U.S.C. § 1334 is unaffected by the joinder of any necessary parties. *See In re Rouge Indus., Inc.*, 326 B.R. at 59-61 (bankruptcy court ordered joinder of necessary party because its joinder was feasible and denied debtor's motion to dismiss adversary complaint under Rules 12(b)(7) and 19). Thus, under the Sixth Circuit's three-step analysis, the bankruptcy court had no reason to determine under step three whether "Taylor & Rappaport" was indispensable to the action under Rule 19(b). Rather, the proper remedy, if Taylor & Rappaport were indeed a "necessary" party, simply would have been to order that it be joined.

## C.    Motion to Reconsider Is Moot

Because this Panel reverses the bankruptcy court's May 14, 2010 order and remands for proceedings consistent with its opinion on a proper Rule 19 analysis, the court's August 6, 2010 order denying the trustee's motion to vacate is moot. The trustee did not argue in his motion to reconsider that leave to amend should be granted to pursue a claim against Rappaport for actual fraud under § 548(a)(1)(A). (Adv. Proc. Docket #34 at 5-6, ¶ 10).

## V.    CONCLUSION

For the foregoing reasons, we (1) AFFIRM dismissal to the extent it is based on a claim of actual fraud under § 548(a)(1)(A); (2) REVERSE dismissal to the extent it is based on Rule 19 and Rule 12(b)(7); and (3) REMAND for proceedings consistent with this opinion.